UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

     v.                        CRIMINAL NO.16-CR-20336

                                   HON. ARTHUR J. TARNOW

TERRENCE MARTEZ FLETCHER

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Daniel L. Lemisch, Acting United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding defendant, Terrence Martez Fletcher, who is scheduled to be sentenced on August 15, 2017 at 2:30 p.m.   The Rule 11 Plea Agreement between the parties anticipated guidelines of 46-57 months according to the government, and 24-30 months according to the Defendant (¶ 2B). For the reasons provided below, the government recommends a sentence at the top of the guideline range of 57-71 months, which is the guideline range using the criminal history category calculated by the U.S. Probation Department in the PSR (PSR,¶ 74) and the base offense level in the Rule 11 plea agreement of 19 (Worksheet D). The

1

Probation Department has calculated the guidelines to be 70-87 months, based upon an offense level of 21 and a criminal history category of V.

I.     <u>BACKGROUND</u>

On May 10, 2016, defendant was charged in a 10 count Indictment which charged Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g) (Counts 1, 4 and 7); Possession of a Stolen Firearm (Counts 2, 5 and 8) Felon in Possession of Ammunition, in violation of 18 U.S.C. §922(g) (Counts 3 and 6) . Count 9 charged Defendant with Possession of Fraudulent Documents with the Intent to Defraud in violation of 18 U.S.C. §1028(a)(4). Count 10 charged Defendant with Fraud and Related Activity in Connection with Access Devices in violation of 18 U.S.C. §1029(a)(8).   Defendant entered a guilty plea to Count 1 of the Indictment on April 5, 2017.   The government anticipated the guidelines in the Rule 11 Plea Agreement to be 46-57 months.   Defendant anticipated the guidelines to be 24-30 months. The Probation Department has calculated guidelines of 70-87 months, determining that Defendant had additional criminal history and that an enhancement was applicable based upon the number of firearms possessed as relevant conduct.(PSR, ¶73).   There is no statutory mandatory minimum in this case.

The criminal charges against defendant arose following the issuance of a MDOC parole violation warrant, after defendant absconded from parole. On

2

February 29, 2016, police went to defendant's house to serve the arrest warrant. Defendant and his girlfriend were present.  The officers searched the house and found a loaded Smith & Wesson .40 caliber firearm in a holster, ammunition, social security cards, debit cards, a fraudulent driver's license, $14,817 in U.S. Currency and mail. Also recovered were two vehicle keys for the vehicle parked outside the residence. Defendant's girlfriend told the police that she lived at the house with Defendant. She said the Chrysler 300 was her car, and that the Dodge Challenger was owned by Defendant's mother, but used by Defendant.





Defendant's girlfriend claimed ownership of the U.S. Currency.   Defendant's mother also claimed ownership of the U.S. Currency.   Defendant's mother denied consent to search the vehicle. She told the police she was a Uber driver and the stolen firearm in the house must have been left in her car by a customer.   Search warrants were obtained for both of the cars.   Inside the car driven by Defendant's girlfriend was a suitcase with the name "Fletcher" on the tag. The suitcase contained firearms, ammunition, cell phones, gun magazines, marijuana, a credit card skimmer and a credit card reader.   Inside the car driven by Defendant was a cell phone, documents in the name of Defendant, a gas can, and a gun in the front passenger seat.   Two of the guns recovered from the vehicle had been reported as stolen, as well as the gun

4

found in the house. One of the guns recovered was registered to Defendant's girlfriend. A total of 9 firearms were recovered, 3 of which were stolen. Marijuana and identity fraud materials were also found.







II.   SENTENCING CALCULATION

A.   Statutory Maximum Sentence

Count One: As set forth in 18 U.S.C. § 922(g), the maximum sentence that
        may be imposed on Defendant is 10 years' imprisonment, a $250,000
        fine, and a $100 special assessment. It is a Class C felony.

B. Sentencing Guidelines Calculations.

Defendant's guidelines (according to U.S. Probation) are as follows:

*Base Offense Level*

Count 1:

Felon in Possession of a Firearm, USSG §2K2.1(a) - Base Offense Level is 14
Possession of at least 9 firearms, USSG §2K2.1(b)(1)(B) +4

Stolen firearms, USSG §2K2.1(b)(4)   +2

In connection with another offense USSG §3K2.1(b)(6)(B)            +4

      Adjusted Offense Level is 24
      Acceptance of responsibility – 3
      Total Offense Level is 21

*Criminal History Category*:

Prior Convictions = 9 Points
Offense committed while on Parole    +2
Total is 11 points, Category V

The applicable guideline range is <u>70-87 months</u>.

*The Rule 11 Plea Agreement calculated guidelines to be 46-57 months, based upon a Total Offense Level of 19 and Criminal History Category of IV. The Plea Agreement provides that if additional criminal history is found, the criminal history category will be adjusted, ¶ 2B.*

III.   <u>GOVERNMENT'S RECOMMENDATION</u>

As set forth in the PSR, based upon defendant's criminal history and the underlying criminal conduct, according to the PSR, he falls within the sentencing guideline range of 70-87 months.    For the reasons set forth below, the government respectfully recommends that the Court impose a period of incarceration at the

highest point of the range anticipated by the parties, 71 months.   Such a sentence would recognize the seriousness of Defendant's offense conduct and take into consideration his past criminal history involving guns and would serve as a deterrent to future criminal activity.

A sentence in the guideline range calculated by the parties appropriately takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of Defendant's case, is reasonable.

IV.   ANALYSIS OF 18 U.S.C. §3553 FACTORS

The Probation Officer has not identified any factors to warrant a departure from the applicable sentencing guideline range (PSR, ¶85). Likewise, the government has not identified any reason to depart. In fact, reasons exist to sentence Defendant at the high end of the applicable range.

Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

Based upon the evidence recovered in this matter, Defendant and his girlfriend were engaged in fraudulent conduct involving credit cards and fraudulent activities. In addition, they were in possession of numerous firearms (several of which were stolen) and ammunition.   Defendant was on parole for a firearms offense when the arrest occurred. Defendant was being arrested for absconding from parole.   His conduct is serious.

Defendant's criminal history, based upon his prior felony convictions, does not provide any mitigation. To the contrary, Defendant has been involved in the criminal justice system since he was 17 years of age. He is now 28 years of age. Prior sentences and periods of probation have done nothing to deter him from continuing to engage in criminal conduct. He has continually violated the terms of probation and has failed to take advantage of system breaks provided to him. His crimes, which include burglary, breaking and entering a vehicle with damage, resisting and assaulting police officer, larceny, home invasion, embezzlement, assault and battery, CCW, and resisting police officer involve victims and harm to others. Many of the offenses are serious and warranted much greater punishment than he received.

### To Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment for the Offense.

As set forth above, Defendant's actions in possessing numerous firearms and engaging in other criminal activities, while on parole, are serious. His activities set forth a continuing pattern of illegally possessing firearms and failing to abide by conditions imposed upon him as part of his parole or probation. Defendant has no respect for the law. A sentence which will provide just punishment for the offense is warranted.

9

<u>To Afford Adequate Deterrence to Criminal Conduct</u>

As reflected in Defendant's criminal history, Defendant has, in the past, received lenient sentences for his criminal conduct.    On most of those sentences he has violated the terms of probation and parole, and has been sentenced to additional terms of probation, which has done very little to provide deterrence. The state court has only imposed minimal terms of custody, considering the serious nature of his prior criminal convictions.    A sentence in this matter, which will deter his criminal conduct in the future should be imposed. Defendant was in possession of stolen firearms, ammunition, and other items which enabled him to engage in financial device fraud.

<u>To Protect the Public From Further Crimes of the Defendant</u>

Defendant's involvement in the instant case and his prior convictions reflect that he is a danger to the public. Despite his prior convictions, and his status as a parolee, he continues to be involved with guns and other illegal criminal activity. A sentence to protect the public from this type of activity committed by Defendant is appropriate.

<u>To Provide Defendant With Needed Educational or Vocational Training, medical Care, or Other Correctional Treatment in the Most Effective Manner.</u>

Defendant is in need of an education and vocational training. In addition, it

10

appears that substance abuse counseling would be appropriate.    The government also concurs with the recommendations of the U.S. Probation Office concerning searches of his residence and property and mental health counseling.

Kinds of Sentences Available.

There are no mandatory minimums in this case. The statutory maximum is 10 years' imprisonment. The applicable guidelines, in accordance with the guilty plea entered by Defendant and calculated by the Probation Department in this case are 70-87 months.

The Need to Avoid Unwarranted Sentencing Disparities

Defendant is the only person in involved in this case. A sentence within the applicable guideline range, as established by the United States Sentencing Commission would avoid any unwarranted sentencing disparities.

The Need to Provide Restitution to Any Victims of the Offense

Restitution is not an issue in this case.

V.    DEFENDANT'S OBJECTIONS TO THE PSR

In response and opposition to Defendant's Objections to PSR report, the government states as follows:

**Objection #1**:   (Paragraph 10) The Chrysler 300 vehicle was registered to Janee

Byrd, Defendant's girlfriend. The license plate was "HI5STAR".   Found in the

Chrysler was a suitcase, which was identified as belonging to Defendant,

containing multiple firearms, ammunition, 3 phones, 2 magazines with

ammunition, marijuana, credit card skimmer, a card writer, and a laptop computer.

Items used to perpetrate identify theft and credit card fraud. Keys to both vehicles

were found hanging near the front door in the apartment shared by Defendant and

Ms. Byrd.

**Objection #2**: (Paragraph 9) The police reports indicate that Ms. Byrd informed

the officers that she owned the Chrysler 300 and the Dodge Challenger was

Defendant's vehicle, but it was registered in his mother's name. Defendant's

mother, Ann Thomas, told the officers that she owned the Dodge Challenger.

**Objection #3**: (Paragraph 10) The police report indicates that Defendant's mother, Ann Thomas told the police that she is an Uber driver and that a customer must have left the stolen gun in the car.   She said that she didn't know what to do with the gun so it must have been left at the apartment.   The officer at the scene noted that Ms. Thomas was not credible and uncooperative with the police.

**Objection #4**: (Paragraph 11) The evidence, and Janee's own statements indicate that Defendant and Janee lived in the apartment where the cars were parked and where the keys were found hanging by the front door. Janee said that Defendant's mother only stopped by the apartment "every now and then", but does not reside

13

there. Items belonging to Defendant Fletcher were found in the Chrysler 300.

Although the car was registered to Defendant's mother, it was apparent that

Defendant was the driver of the vehicle and used it as his own.

**Objection #5**:   (Paragraph 13) The government holds Defendant accountable for

all the firearms recovered from the vehicle, because it was the vehicle which

contained his personal items and which he was identified as being the driver. The

keys to the vehicle were in his apartment, where he lived with his girlfriend. He

has been observed driving the vehicle on numerous prior occasions. Three (3) of

the firearms had been reported as stolen.   The firearms were possessed in

connection with his other criminal activity, including his activities concerning the

fraudulent credit cards.

**Objection #6**: (Paragraph 19) Both vehicles were parked at Defendant's

apartment.   Keys for both vehicles were found hanging near the front door and

were clearly accessible to both occupants of the apartment.   Both vehicles

contained items belonging to Defendant Fletcher, including personal identification,

a suitcase, phones and ball caps. Firearms were found in both cars, along with

ammunition and gun magazines.   The possession of firearms by Defendant

Fletcher, a convicted felon, appears to have been part of an ongoing series of

offenses, and used by him to protect his other illegal criminal activities.   Further,

14

because the guns were found in cars which were driven and accessible to him, their presence was reasonably foreseeable.    Defendant was aware of the government's position concerning the firearms because it was included in the Rule 11 plea agreement and the attached worksheets.   By the terms of the Rule 11 plea agreement he was permitted to disagree on this issue (Page 3, Rule 11).

**Objection #7**: (Paragraph 20) The police reports provided to Defendant in discovery (page 0016) indicate that the Shield Black .40 caliber pistol, recovered from 15469 Park Village, Defendant's apartment, was reported in LEIN as stolen. Further, the reports provided to Defendant also indicate that property items 20 (.44 caliber magnum revolver found in trunk of Chrysler 300) , 23 (GLC .40 caliber pistol found in trunk of Chrysler 300) and 33(SRC9 9mm pistol found in Dodge Challenger under front passenger seat) were all confirmed as being reported in LEIN as stolen firearms.   The LEIN reports will be presented to the district court at the time of sentencing.

**Objection #8**:   (Paragraph 21) The Guidelines provide for a four-point enhancement to the Defendant's base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The application notes indicate that the enhancement should apply "if the firearm or ammunition facilitated, or had the potential of

15

facilitating, another felony offense or another offense, respectively." *Id.* cmt. n.

14(A). "A district court should apply the enhancement only if the government

establishes, by a preponderance of the evidence, a nexus between the firearm and

an independent felony." *United States v. Angel,* 576 F.3d 318, 321 (6th Cir.2009)

The government maintains that the 4 level enhancement under USSG

§2K2.1(b)(6)(B) is appropriate and should apply to determine Defendant's base

offense level in this case.   The district judge must examine the particular facts of

each case to determine whether the enhancement applies. In this case, several of

the firearms were found in the suitcase, along with marijuana, credit card skimmers

and a laptop. The suitcase was found in one of the cars driven by Defendant. The

suitcase was identified as belonging to Defendant. The firearm found in

Defendant's apartment, which was also reported as stolen, was found in close

proximity to $14,000, stolen social security cards, ammunition, and a fake driver's

license.   Pursuant to   USSG §2K2.1(b)(6)(B), the term "another felony offense"

means any federal, state or local offense, regardless of whether a criminal charge

was brought, or a conviction obtained. It is not necessary for the particular felony

offense to be identified for it to apply. In this matter, the evidence suggests that

Defendant was engaged in identity theft, credit card fraud, and marijuana use. The

guns played an emboldening role in Defendant's felonious conduct. Any of these

felonies would justify the enhancement. The firearms had the potential to advance all the other felonies, and to provide protection to Defendant.   Defendant has not offered any explanation for the presence of the firearms either in the car, inside the suitcase, or in his apartment. Only one of the firearm was registered to Defendant's girlfriend.

**Objection #9**: (Paragraph 32) It appears that the scoring of the conviction may not be proper, as the sentence imposed in 2009, was more than five years prior to his instant offense. It does not ultimately affect the criminal history category. However, the government defers to the U.S. Probation Department.

**Objection #10**: (Paragraphs 33 and 34) The government believes the calculations of the prior convictions referenced in these paragraphs are correct.   Defendant receives one point for the violated HYTA sentence in 2007, and receives 2 additional points for the Home Invasion conviction in 2007. The crimes were separate and distinct.

**Objection #11**: (Paragraph 35) Defendant was originally sentenced to a term of probation on this offense. He then violated his probation, several times, and eventually a sentence of imprisonment was imposed. Section 4A1.2 specifically provides that such sentences are counted.

**Objection #12**:(Paragraph 39) The government has calculated the criminal history

points to be 8 in the Rule 11 plea agreement. Defendant also agreed with the scoring of the convictions in the Rule 11 agreement. According to the terms of the plea agreement (2B), Defendant did not reserve the right to now challenge the convictions and the points assessed in his sentencing calculation.

**Objections #13, 14, 15**: (Paragraphs 41, 68, 73) The government concurs with the calculations of the probation department. Defendant should have a total criminal history score of 11 points, for category IV, which is the same CHC in the Rule 11 plea agreement.   Defendant possessed numerous firearms, as well as evidence that he was engaged in credit card fraud and identity theft.   The enhancements and prior convictions should remain as they are scored in the PSR.

VI.   <u>CONCLUSION</u>

Wherefore, the Government respectfully requests that this Honorable Court sentence defendant to a term of imprisonment of at the high end of the sentencing range of 57 - 71 months in accordance with the sentencing guidelines. Further, the sentence imposed by this court should run consecutive to any state sentence imposed as a result of his parole violation.

Respectfully submitted,

DANIEL L. LEMISCH

18

Acting United States Attorney

SUSAN E. FAIRCHILD
Assistant United States Attorney
211 West Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9577

Dated: August 12, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Mark Magidson

s/Susan E. Fairchild P41908
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone:   (313) 226-9577
E-mail: susan.fairchild@usdoj.gov